UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22446-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

JUAN J. VALDRICHE, :

Petitioner, :

v. : REPORT RE DISMISSAL §2254 PETITION AS TIME BARRED

WALTER A. McNEIL,[1] :

Respondent. :

---

Juan J. Valdriche, a state prisoner confined at Union Correctional Institution at Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. 99-3579 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the petitioner's response to an order regarding the limitations period, the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply.

---

[1]Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

The pertinent procedural history of this case is as follows. Valdriche was convicted after jury trial of two counts of kidnapping with a weapon/firearm, one count of armed burglary with assault or battery and one count of armed robbery/firearm or deadly weapon. (DE# 16; Ex. A). He was sentenced to concurrent terms of life imprisonment with a three-year mandatory minimum term.[2] (DE# 16; Ex. A). The convictions and sentences were affirmed by the state appellate court in a per curiam decision without written opinion issued on November 10, 2004.[3] Valdriche v. State, 886 So.2d 236 (Fla. 3 DCA 2004)(table).

Seven months later, on June 8, 2005,[4] Valdriche filed in the trial court a pro se motion for postconviction relief with supporting memorandum of law pursuant to Fla.R.Crim.P. 3.850, challenging his convictions on several grounds of ineffective

---

[2]Valdriche has also been convicted of eighteen other offenses entered in three unrelated Miami-Dade County Circuit Court cases, and is currently serving multiple terms of life imprisonment and various other terms of confinement. See http://www.dc.state.fl.us.

[3]It is noted that during the pendency of the direct appeal proceeding, Valdriche filed in the Florida Third District Court of Appeal a pro se petition for writ of mandamus, seeking to compel appellate counsel to file an initial brief in his direct appeal. (DE# 16; Ex. G, H, I, J). The petition was denied as moot on March 10, 2004. (DE# 16; Ex. K).

[4]The Eleventh Circuit recognizes the “mailbox” rule in connection with the filing of a prisoner’s petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner’s pleading is deemed filed when executed and delivered to prison authorities for mailing). Florida also recognizes the “mailbox” rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner’s certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner’s motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994). The face of the Rule. 3.850 motion states that Valdriche gave his pleading to prison authorities for mailing on “6–8-03.” See Motion for Postconviction Relief at 1. (DE# 16; Ex. L). As correctly asserted by the respondent, this date was apparently written in error by prison officials. The petitioner clearly provided the date of June 7, ***2005***, as the date that his motion was executed and verified and the date that he provided a copy of the motion by mail to the state. Id. at 19, 20. Further, the accompanying supporting memorandum of law is stamped by prison officials as having been received by Union CI for mailing on “6-8-**05**.” See Memorandum of Law in Support of Motion for Post-Conviction Relief at 1.

assistance of trial counsel. (DE# 16; Ex. L). After the state had filed its response with supporting exhibits, arguing that certain claims of ineffective assistance of trial counsel were meritless pursuant to the standard established in Strickland v. Washington, 466 U.S. 668 (1984) and certain other claims were procedurally barred, the trial court summarily denied the motion in a written order entered on September 7, 2005. (DE# 16; Ex. M, N). Eight months later, on May 17, 2006, Valdriche filed in the trial court a pro se pleading entitled, “Motion to Recall and Redate the Court Order of Denial of Defendant’s Motion Rule 3.850” with supporting exhibits. (DE# 16; Ex. O). Valdriche asserted that due to the Clerk of Court’s inadvertent mistake he had never received a copy of the trial court’s order and he had not learned of the denial of his Rule 3.850 motion until March 31, 2006, when a friend obtained a copy of the docket sheet for him. Id. Valdriche requested the court to recall and redate its order of denial so that he could have a chance to appeal the order. Id. The motion was denied by the trial court by order entered on June 28, 2006. (Exhibit C attached to Petitioner’s Petition for Belated Appeal)(DE# 16; Ex. R).

Valdriche then filed on July 17, 2006, in the Florida Third District Court of Appeal a pro se petition for writ of habeas corpus with attached exhibits, seeking a belated appeal from the denial of his Rule 3.850 motion. (DE# 16; Ex. R). By order entered on September 11, 2006, the petition was granted. (DE# 16; Ex. Q, S). See also Valdriche v. State, 953 So.2d 538 (Fla. 3 DCA 2006)(table). Belated appellate proceedings were conducted and, without first ordering a response from the state, the appellate court per curiam affirmed the trial court’s order of denial of the Rule 3.850 motion without written opinion, see Valdriche v. State, 961 So.2d 954 (Fla. 3 DCA 2007)(table), and the mandate issued on August 3, 2007. (DE# 16; Ex. W).

Soon after all state court proceedings had concluded, Valdriche came to this Court, filing on September 10, 2007, the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[5] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year

---

[5]The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgment of conviction and sentence in the instant case became final at the latest on February 8, 2005, ninety days after the Florida Third District Court of Appeal affirmed Valdriche's convictions and sentences on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002). Accordingly, Valdriche had until February 9, 2006, to file a federal petition, unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Valdriche pursued postconviction relief in the trial court and Florida Third District Court of Appeal. However, even after giving Valdriche tolling credit for the time all postconviction proceedings remained pending, including the belated appellate proceeding,[7] there remains more than one-year of untolled time

[7]In circumstances similar to the one in this case, the Eleventh Circuit has held that a state prisoner's belated appeal motion tolled the statute of limitations under the AEDPA where the motion was filed within the prisoner's limitations period and filed as part of his motion for post-conviction relief, and where the belated appeal motion was ultimately granted by state courts. See Williams v. Crist, 230 Fed.Appx. 861, 2006 WL 4476201 (11 Cir. 2006).

(i.e., a total of 376 days of untolled time).[8] The instant petition was, therefore, due in this Court on or before August 30, 2007. The petition was not filed until eleven days later on September 10, 2007.

Since Valdriche did not file the instant petition until after the expiration of the applicable limitations period, the instant petition is time-barred, as maintained by the respondent,[9] unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or he is entitled to equitable tolling. An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 8). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id.

Since the institution of this federal habeas corpus proceeding, Valdriche has addressed the limitations issue in his various pleadings. See Petition at 17; Petitioner's Response to Court's Order on Limitations Period; Reply to State's Response to Order to Show Cause. (DE# 1, 9, 20). Valdriche appears to be asserting that his petition should be deemed timely filed in that he is entitled to statutory tolling pursuant to 28 U.S.C.

---

[8]The respondent asserts that Valdriche is not entitled to tolling credit for the time that his motion to recall and redate the order denying his Rule 3.850 motion was pending, because it was not a properly filed motion for postconviction relief in that the motion was not a motion for rehearing and Valdriche should have instead gone immediately to the Florida appellate court with a petition for belated appeal. This Court need not decide whether such a motion was properly filed in that even when giving Valdriche tolling credit for the time the motion remained pending, such tolling does not save Petitioner's habeas petition from dismissal as time-barred.

[9]Although this Court disagrees with certain dates relied upon by the respondent when arriving at his determination that the instant petition is time-barred, the Court agrees with the respondent's conclusion.

§2244(d)(1)(B), (D) and/or equitable tolling from the date that he filed his Rule 3.850 proceeding until the order of denial was affirmed during the belated appellate proceeding. Valdriche asserts that he is entitled to such tolling, because the Miami-Dade County Clerk of Court failed to mail him a copy of the denial of his Rule 3.850 motion. As he maintained in the state courts, Valdriche asserts that although he received a copy of the state's response to his Rule 3.850 motion on September 13, 2005, he never received a copy of the Court's order in that it had inadvertently been sent to another inmate. Valdriche states that he only learned of the trial court ruling when a friend of his obtained a copy of the docket sheet for him on March 31, 2006.

Valdriche's claim that he is entitled to statutory tolling pursuant to 28 U.S.C. §2244(d)(1) for the subject time period is meritless. The Eleventh Circuit has held that a belated appeal from an order denying a collateral motion does not act to toll the time that passes after the order becomes final until the application for the belated appeal is filed. In Moore v. Crosby, 321 F.3d 1377 (11 Cir. 2003), the Eleventh Circuit held that where a state court has granted leave to a petitioner to file a belated appeal, that permission does not relate back so as to toll the period between the expiration of the time to file a timely appeal and the granting of the belated appeal for AEDPA purposes. See also McMillan v. Secretary for Dept. of Corrections, 257 Fed.Appx. 249, 253, 2007 WL 4258652, 3 (11 Cir. 2007)(concluding that Petitioner not entitled to statutory tolling for the 95-day period between the date the state trial court's denial of his 3.850 motion became final and the date he filed his petition for a belated appeal of that 3.850 denial). Accord, Melancon v. Kaylo, 259 F.3d 401 (5 Cir. 2001)(after appeal period from denial of collateral relief has lapsed, application for further review ceases to be "pending" for

purpose of AEDPA limitations calculation); Gibson v. Klinger, 232 F.3d 799, 804 (10 Cir. 2000)(state court's grant of leave to appeal out-of-time from denial of postconviction relief cannot erase the time during which nothing was pending); Fernandez v. Sternes, 227 F.3d 977 (7 Cir. 2000)(while a state process may be reviewed after the time to seek review has expired, "the prospect of revival does not make a case 'pending' in the interim").

Valdriche's equitable tolling argument on the same basis is equally unavailing. As indicated above, the Eleventh Circuit has held that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001). In Drew v. Dep't of Corrections, the Eleventh Circuit stated: "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it *might* provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."* 297 F.3d at 1288 (emphasis added), *citing*, Knight v. Schofield*,* supra (holding that a petitioner was entitled to equitable tolling of the AEDPA's statute of limitations because, despite his diligence, he did not learn about the state court's disposition of his state habeas corpus petition until eighteen months after the petition had been denied). See also Woodward v. Williams, 263 F.3d 1135, 1143 (10 Cir. 2001)("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); Phillips v. Donnelly, 216 F.3d 508, 511 (5 Cir. 2000)(holding that a delay in receiving notice of denial of appeal

warranted equitable tolling of limitations period to file federal habeas claim when petitioner pursued the process with diligence and alacrity), rehearing granted in part, 223 F.3d 797 (5 Cir. 2000). The Eleventh Circuit has cautioned, however, that "not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. Knight, 292 F.3d at 711.

Although the courts have held that equitable tolling might be appropriate in situations where the petitioner did not receive notification of the disposition of a relevant state proceeding, such tolling is not proper under the circumstances of this particular case. Even assuming for purposes of this federal proceeding that Valdriche did not receive notification that his Rule 3.850 motion was denied until March 31, 2006, as he claims,[10] Valdriche has clearly not acted diligently, a burden necessary to sustaining his claim of extraordinary circumstances. Drew v. Department of Corrections, 297 F.3d at 1288. The record reveals that Valdriche waited six months from the time that he received a copy of the state's response to his Rule 3.850 motion before requesting his friend to obtain a copy of the docket sheet in the subject criminal proceedings. Even after having received the docket sheet which indicated the trial court's ruling, Valdriche then waited almost another three-months before taking any action whatever. Further, Valdriche waited another month from the affirmance of the denial of his Rule 3.850 motion until the filing

[10]It is noted that Valdrich's statements regarding the request to his friend is wholly conclusory, without any support whatever in the record, such as, an affidavit from his friend. Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983). However, even if such statement is true, the outcome of this proceeding remains the same. This Court recognizes that Valdriche obtained belated appellate review from the state appellate court based upon the identical assertion.

of this federal petition. Valdriche offers no explanation whatever for these delays in filing.

Thus, review of the record in this case reveals that Valdriche has not pursued the process with diligence and alacrity. He has, therefore, not sustained his burden of proving that the factual predicates of this case warrant equitable tolling. See Phillips v. Donnelly, 223 F.3d at 797. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989). It is important to note here that Valdriche received notice of the state court's order well within the limitations period. Since at that time there were only 292 days of untolled time, if Valdriche had not waited the 46 days to file his motion to recall in the state court and had not waited an additional 37 days to institute this federal proceeding, the instant petition would not have been time-barred. Thus, Petitioner has failed to establish that his untimely filing was the result of extraordinary circumstances that were beyond his control and unavoidable.

If Petitioner were also to argue that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, such an assertion would also be meritless. Petitioner is not entitled to equitable tolling of the limitations period on this basis. Because the tolling provisions of §2244(d)(2) already

accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000), cert. denied, 531 U.S. 840 (2000). See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(holding that limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, Valdriche's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). Finally, Valdriche has not demonstrated that he was in any unconstitutional way prevented from timely filing this federal petition for writ of habeas corpus.

In conclusion, Valdriche has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant convictions and sentences. The time-bar is ultimately the result of Valdriche's failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since any cognizable claims raised by Valdriche in this habeas corpus proceeding instituted on September 10, 2007, are untimely, the claims are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and not entitled to review on the merits.

The fact that this petition has been filed a mere eleven days late does not render dismissal as time-barred inappropriate. In its order dismissing a habeas corpus petition as untimely filed, the Northern District of Florida aptly stated as follows regarding statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999). The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or nine days late as in the case at bar) is untimely, just as if a year late. See Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999). As was true in Turner, the harshness in the instant case is mitigated by the fact that it appears clear from the record provided by the respondent that petitioner would not have been entitled to relief in this Court even had he filed his petition in a timely manner. The rejection of Valdriche's claims by the trial and appellate courts in the direct appeal proceeding and the postconviction proceedings appear factually reasonable and in accordance with applicable federal principles. Accordingly, Valdriche would not be successful in this habeas corpus proceeding. See 28 U.S.C. §2254(d); See Williams v. Taylor, 529 U.S. 362

It is therefore recommended that this petition for writ of

habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 8th day of May, 2008.

UNITED STATES MAGISTRATE JUDGE

cc: Juan J. Valdriche, Pro Se
DC# M14241
Union Correctional Institution
7819 N.W. 228 Street
Raiford, FL 32026

Jill Kramer Traina, AAG
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131