UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22446-CIV-LENARD/WHITE

**JUAN J. VALDRICHE**,

    Petitioner,

vs.

**WALTER A. McNEIL**,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 21); DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 (D.E. 1); AND DISMISSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of the Magistrate Judge ("Report," D.E. 21), issued on May, 2008. In his Report, Magistrate Judge White recommends that the Court deny as untimely Petitioner Juan J. Valdriche's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1).

On or about May 22, 2008, Petitioner filed his Objections to the Magistrate's Report ("Objections," D.E. 22). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Report, the Objections, and the record de novo, and finds as follows:

**I.    Background**

Petitioner was convicted after jury trial of two counts of kidnapping with a weapon/firearm, one count of armed burglary with assault or battery and one count of armed robbery/firearm or deadly weapon. (D.E. 16; Ex. A). He was sentenced to concurrent terms

of life imprisonment with a three-year mandatory minimum term. (D.E.16; Ex. A). The convictions and sentences were affirmed by the state appellate court in a per curiam decision without written opinion issued on November 10, 2004. Valdriche v. State, 886 So.2d 236 (Fla. 3 DCA 2004)(table).

Seven months later, on June 8, 2005[1], Petitioner filed in the trial court a pro se motion for postconviction relief with supporting memorandum of law pursuant to Fla.R.Crim.P. 3.850, challenging his convictions on several grounds of ineffective assistance of trial counsel. (D.E. 16; Ex. L). After the state had filed its response with supporting exhibits, arguing that certain claims of ineffective assistance of trial counsel were meritless pursuant to the standard established in Strickland v. Washington, 466 U.S. 668 (1984) and certain other claims were procedurally barred, the trial court summarily denied the motion in a written order entered on September 7, 2005. (D.E. 16; Ex. M, N).

Eight months later, on May 17, 2006, Petitioner filed in the trial court a pro se pleading entitled, "Motion to Recall and Redate the Court Order of Denial of Defendant's Motion Rule 3.850" with supporting exhibits. (D.E. 16; Ex. O). Petitioner asserted that due to the Clerk of Court's inadvertent mistake, he had never received a copy of the trial court's order and he had not learned of the denial of his Rule 3.850 motion until March 31, 2006, when a friend obtained a copy of the docket sheet for him. Id. Petitioner requested the court

---

[1] Under the "mailbox rule," Petitioner's pleadings are deemed filed on the date they were signed and delivered to prison authorities for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

to recall and redate its order of denial so that he could have a chance to appeal the order. Id. The motion was denied by the trial court by order entered on June 28, 2006. (D.E. 16; Ex. R) (Exhibit C attached to Petitioner's Petition for Belated Appeal).

Petitioner then filed on July 17, 2006, in the Florida Third District Court of Appeal a pro se petition for writ of habeas corpus with attached exhibits, seeking a belated appeal from the denial of his Rule 3.850 motion. (D.E. 16; Ex. R). By order entered on September 11, 2006, the petition was granted. (D.E. 16; Ex. Q, S). See also Valdriche v. State, 953 So.2d 538 (Fla. 3 DCA 2006)(table). Belated appellate proceedings were conducted and, without first ordering a response from the state, the appellate court per curiam affirmed the trial court's order of denial of the Rule 3.850 motion without written opinion on July 5, 2007, see Valdriche v. State, 961 So.2d 954 (Fla. 3 DCA 2007)(table), and the mandate issued on August 3, 2007. (D.E. 16; Ex. W).

Petitioner filed the instant Petition on September 10, 2007. (D.E. 1.)

**II.     The Magistrate's Report**

The Magistrate Judge found that, under the one year period of limitations applicable to § 2254 petitions, the Petition was untimely. The Magistrate Judge found that, giving Petitioner tolling credit for the time that his post-conviction proceedings remained pending, including the belated appellate proceeding, his Petition was due August 30, 2007.[2] In so

---

[2] As noted below, the Court has calculated a different, earlier deadline for filing the Petition. However, under both the Magistrate Judge's and this Court's calculations, the Petition was untimely.

3

finding, the Magistrate Judge rejected Petitioner's argument that he was entitled to statutory tolling from the date he filed his Rule 3.850 proceeding, June 8, 2005, until the order of denial was affirmed on July 5, 2007.  The Magistrate Judge found that, under Eleventh Circuit case law, Petitioner was only entitled to tolling from the commencement of his petition for writ of habeas corpus seeking a belated appeal, filed on July 17, 2006, until the appellate court issued its mandate affirming the trial court's denial of the Rule 3.850 motion on August 3, 2007.

Additionally, the Magistrate Judge found that equitable tolling of the one year statute of limitation was inappropriate: "Although the courts have held that equitable tolling might be appropriate in situations where the petitioner did not receive notification of the disposition of a relevant state proceeding, such tolling is not proper under the circumstances of this particular case." (D.E. 21 at 9.)  The Magistrate Judge found that Petitioner had not acted diligently in attempting to ascertain the status of the relevant state court proceeding and had not acted diligently in seeking remedies once he received notice of the relevant state court order.  "It is important to note here that Valdriche received notice of the state court's order well within the limitations period. Since at that time there were only 292 days of untolled time, if Valdriche had not waited the 46 days to file his motion to recall in the state court and had not waited an additional 37 days to institute this federal proceeding, the instant petition would not have been time-barred." (Id. at 10.)  The Magistrate Judge also found that Petitioner was not entitled to equitable tolling of the limitations period on the basis that he

4

first needed to exhaust his state court remedies prior to filing the instant petition, because the tolling provisions of § 2244(d)(2) already accommodate the exhaustion requirement that Petitioner faced. Finally, the Magistrate Judge found that Petitioner's status as an unskilled layperson did not excuse the delay.

### III.   Petitioner's Objections

Petitioner contends in his Objections that he should receive a period of equitable tolling from the appellate court's denial of his Rule 3.850 motion on September 7, 2005 until he became aware of it on March 31, 2006. Petitioner argues that under Florida Rule of Criminal Procedure 3.850(g), "when the Clerk of the Court failed to properly notify him of the trial courts [sic] denial of his motion, he was not bound by any prescribed deadline to act on his federal petition, until such time that he became aware that the pending motion had been in fact denied." (D.E. 22 at 5.) Petitioner relies on Florida Rule of Criminal Procedure 3.850(g) which provides that, "The clerk of the court shall promptly serve on the movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service."

Petitioner also objects to the Magistrate Judge's finding that he was not diligent in pursuing his claims: "he is after all a prisoner, and cannot pick-up a phone to check on his case, and the fact that he eventually was able to convince the prison 'Librarian' to check his case docket, and thereafter acted immediately in an attempt to correct the problem." (Id. at 5-6.)

5

Petitioner also appears to contend in his Objections that if the Court tolls the time between the filing of his Motion to Recall on May 17, 2008 and the trial court's disposition of the Motion to Recall on June 28, 2006, then his Petition would be timely filed. (See id. at 6.)[3]

### IV.   Discussion

####    A.   The Petition is untimely.

The Court will break down the relevant dates and periods of tolling as follows:

Petitioner's judgment of conviction and sentence in the instant case became final, at the latest possible date, on February 8, 2005, ninety days after the Florida Third District Court of Appeal affirmed Petitioner's convictions and sentences on direct appeal on November 10, 2004.  See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006) ("The judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari.").  Therefore, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had until February 9, 2006, to file a federal petition, provided that the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with

---

[3] In his Objections, Petitioner also contends that the Magistrate Judge's reference in the Report to his other conviction was improper.  The Court has not considered those references to Petitioner's prior convictions in this Order, and therefore the Court need not address this Objection further.

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The following time periods were tolled, thereby extended the limitation period for Petitioner to file:  The limitations period was tolled for **121 days** from June 8, 2005 until October 7, 2005 (30 days following the trial court's denial of the motion[4]) during the pendency of his motion for post-conviction relief under Fla. R. Cri. P. 3.850.  The limitations period was also tolled for **42 days** from May 17, 2006 until June 28, 2006 during the pendency of his Motion to Recall and Redate the Court Order of Denial of Defendant's Motion Rule 3.850.[5]  Finally, the limitation period was tolled for **382 days** from July 17, 2006 until August 3, 2007 during the pendency of his belated appeal from the trial court's denial of the Rule 3.850 motion.  Therefore, the limitations period was tolled for **545 days** from February 9, 2006, and thus the deadline for filing the Petition was August 9, 2007.  As such, the Petition, filed on September 18, 2007 was untimely.

Petitioner's argument that he is entitled to statutory tolling for the period from the trial court's denial of his Rule 3.850 motion until he became aware of the denial is without merit.  In the Eleventh Circuit, a state post-conviction motion does not remain "pending" for tolling purposes after the standard time to file an appeal expires merely because a state provides a

---

[4] To file a timely appeal, a defendant has thirty days from the date of rendition of the order to file a notice of appeal.  Fla. R. App. P. 9.110(b).  Rendition occurs on the date of the filing of the order of denial in the lower court clerk's office.  Fla. R. App. P. 9.020(h).

[5] Respondent argues that the limitations period should not be tolled during the pendency of Petitioner's Motion to Recall.  However, the Petition is still untimely regardless of whether the time period during the pendency of the Motion to Recall is counted towards the tolling of the limitations period.

procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal. McMillan v. Sec'y for the Dep't of Corr., 257 Fed. Appx. 249, 253 (11th Cir. 2007); see also Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003) ("an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state court"). Petitioner's remedy is to seek equitable tolling, which, as explained below, is inappropriate here.

        B.       Equitable tolling is inappropriate here.

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). A clerk's error in failing to provide notice to an otherwise diligent petitioner that the state court has reach a final resolution of his case may constitute "extraordinary circumstances" justifying equitable tolling. In Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002), the Eleventh Circuit held that, "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."

However, in order to invoke equitable tolling and satisfy his burden of demonstrating extraordinary circumstances, Petitioner must provide evidence that he "repeatedly attempted to ascertain the status of his case from the Clerk's office." See Drew, 297 F.3d at 1288.

Petitioner has not satisfied his burden here.  Petitioner contends, without any supporting affidavits, that the first time he learned that his Rule 3.550 motion was denied was when he received a print-out of the docket from the state court case, six months after the motion was filed.  Petitioner does not submit, and the record does not reflect, that Petitioner made any other attempts to ascertain the status of his pending motion.  Further, Petitioner waited a month and a half after allegedly learning for the first time that his Rule 3.550 Motion had been denied to file his Motion to Recall, and then another month and a half to file his petition for belated appeal.  He also waited over a month from the issuance of the mandate of the affirmance of the trial court's denial of his Rule 3.550 Motion to file the instant Petition.  Simply put, Petitioner has not demonstrated that he acted diligently warranting the extraordinary circumstances to justify equitable tolling.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 21), issued on May 9, 2008, is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus Pursuant 28 U.S.C. § 2254 (D.E. 1), filed on or about September 18, 2007, is **DISMISSED**.

3. This case is **CLOSED**.

4. All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of August,

2008.

                                                                              /s/ Joan A. Lenard
                                                                              **JOAN A. LENARD**
                                                                              **UNITED STATES DISTRICT JUDGE**

cc:     U.S. Magistrate Patrick A. White

         Petitioner Earl Murray, pro se

         Counsel of Record